IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOTTORIA N. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-618 (MN) |
| | ) |
| TYRESE GIBSON, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Lottoria N. Brown, Wilmington, DE – Pro Se Plaintiff

Kristen S. Swift, WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP, New Castle, DE – Counsel for Defendants Tyrese Gibson, Voltron Recordz Company, Voltron, Voltron Travel LLC, and Voltron travel.com

January 17, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Lottoria N. Brown ("Plaintiff") filed this action on May 10, 2022.[1] (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). This Court proceeds to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.    BACKGROUND**

Plaintiff brings this claim under 10 U.S.C. § 921, Art. 121 for larceny and wrongful appropriation under the Uniform Code of Military Justice. The complaint alleges Defendants took a substantial part of her property and provides a litany of allegations including, but not limited to, organized harassment, terrorism, stalking, theft, and fraud; identity, organized, and grand theft; cyber-crimes, and attempted murder. (D.I. 2 at 4-5). She seeks two million dollars in compensatory damages and six million dollars in punitive damages. (*Id.* at 7).

Returns of summons executed were docketed by Plaintiff. (D.I. 8, 9). Defendants filed a motion to quash for insufficient process and insufficient service of process (D.I. 12) and a motion to dismissed based upon personal jurisdiction, improper venue, insufficient process and insufficient service of process (D.I. 15). Plaintiff opposes.

**II.    LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*,

---

[1]    Other named plaintiffs have been dismissed. (*See* D.I. 7).

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

2

(internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Although this Court construes *pro se* filings liberally, Plaintiff's complaint states no cognizable claims. The claims are raised under 10 U.S.C. § 921, Art. 921, which provides that "[a]ny person subject" to the Uniform Code of Military Justice who is "found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct." The complaint does not suggest or allege that any defendants is subject to the provisions of the Uniform Code of Military Justice and, therefore, fails to state claims upon which relief can be granted. The complaint will

be dismissed. *See*, *e.g.*, *Marshall v. Marshall*, 15-CV-6808 (RRM) (LB), 2016 WL 393526, at *3 (E.D.N.Y. Jan. 31, 2016) (dismissing *pro se* plaintiff's claim under Section 921 because plaintiff "ha[d] not suggested that [defendant was] a member of the armed forces or otherwise subject to the provisions of the Uniform Code of Military Justice").

In addition, Defendants were not properly served. Plaintiff served Defendants before the Court had an opportunity to screen the complaint as is required under 28 U.S.C. § 1915(e)(2). Moreover, the executed returns of summons are signed by Plaintiff. (*See* D.I. 8, 9). Rule 4(c)(2) provides that "any person who is at least 18 years old **and not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Plaintiff is a party and served (or at least attempted to serve) Defendants in derogation of the Federal Rules of Civil Procedure.

In light of the foregoing discussion, this Court will grant Defendants' motion to quash for insufficient process and insufficient service of process and motion to dismiss based upon personal jurisdiction, improper venue, insufficient process and insufficient service of process. (D.I. 12, 15).

Finally, although leave to amend is generally afforded to a *pro se* plaintiff, after thoroughly reviewing the complaint and applicable law, this Court draws on its judicial experience and common sense, finds that the claims are frivolous, and that amendment would be futile.

## IV. CONCLUSION

For the above reasons, this Court will: (1) grant Defendants' motion to quash for insufficient process and insufficient service of process (D.I. 12) and motion to dismiss based upon personal jurisdiction, improper venue, insufficient process and insufficient service of process (D.I. 15); and (2) dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.